# Nationwide Mutual Insurance Company v. Campbell

*Robert E. Ashe*, for plaintiff.

*John M. McLaughlin*, for defendants.

GRAFF, P. J., August 23, 1968.—Plaintiff instituted this action in assumpsit under the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, to obtain contribution from the defendants, alleged to have arisen as a result of an accident suffered by C. J. Buterbaugh, an employe of defendant Campbell. This matter now comes before us upon preliminary objections filed in behalf of Cornish and prelimi-

nary objections filed in behalf of Campbell, both in the nature of a demurrer.

Upon November 19, 1966, and prior thereto, C. J. Buterbaugh was an employe of Floy L. Campbell as a laborer upon his farm. At the same time defendant Cornish was also an employe of Campbell. Upon this date Cornish was operating a tractor upon a public highway in Manor Township, this county, and seated on the rear thereof was Buterbaugh. A truck, being operated by Walter Iseman, upon the business of John Iseman, ran into the rear of the tractor causing serious injuries to Buterbaugh. Buterbaugh instituted an action in trespass against John Iseman, and upon September 20, 1967, a verdict was returned in his favor against defendant in the sum of $28,600. Subsequently thereto plaintiff insurance company effected a settlement with Buterbaugh for the total sum of $25,000. In this settlement it obtained a full and complete release and discharge of the Isemans, Cornish and Campbell for all liability arising out of the accident. Buterbaugh had entered into an agreement with Campbell under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended. Under this agreement Buterbaugh has been paid for all of his medical expenses in the amount of $1,569.75, and also for total disability for a period of 43 weeks in the sum of $1,433.20, and the sum of $400 for partial disability. There is remaining the sum of $8,350 for which Floy L. Campbell is liable for partial disability for a period of 334 weeks under The Pennsylvania Workmen's Compensation Act. It is this latter sum which plaintiff in this case seeks to recover as contribution under the Uniform Contribution Among Tortfeasor's Act.

It is the contention of defendants that no liability can be imposed upon them as a result of the amendment to The Pennsylvania Workmen's Compensation

Act, enacted August 24, 1963, P. L. 1175. The title to this act reads as follows:

"Amending the act of June 2, 1915 (P. L. 736), entitled, as amended, 'An act defining the liability of an employer to pay damages for injuries received by an employe in the course of employment; establishing an elective schedule of compensation; providing procedure for the determination of liability and compensation thereunder; and prescribing penalties', relieving a fellow employe from liability except for intentional wrong".

The act provides as follows:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong".

Cornish and Buterbaugh were fellow employes of Campbell at the time of the accident. Under the pleadings in this case Cornish was negligent as well as Iseman, against whom a verdict was obtained. In considering the preliminary objections filed in behalf of Cornish, it must be observed that, as a fellow employe, he is not liable to anyone at common law or otherwise as a result of the accident. The language of the act is very broad and seems to cover every kind of an accident, not only the one in tort but all others. It would therefore seem to be the logical conclusion that Cornish cannot be held liable for his negligence and, therefore, the demurrer as to him must be sustained.

A different situation arises with reference to Campbell. It is true that at common-law the master is liable because of the imputed negligence of his servant. However, the excusing from liability of the servant under the act does not eliminate the fact that a tort has been committed. Under section 202 of The Pennsylvania

Workmen's Compensation Act, as amended, supra, it is provided:

"The employer shall be liable for the negligence of all employees while acting within the scope of their employment. . ."

It thus appears that in addition to the responsibility which exists at common law, one is imposed specifically by the Act of Assembly upon the employer. Under the Workmen's Compensation Act the liability of the employer is limited in character and is absolute. In the Act of 1963, supra, while the employe was specifically relieved of liability, nothing was said about the responsibility of the employer. Under the decisions of the appellate courts, beginning in the case of Maio v. Fahs, 339 Pa. 180, it has been the law that there is a right of contribution by joint tortfeasors against the employer of an injured plaintiff, and under The Pennsylvania Workmen's Compensation Act the contribution to which the joint tortfeasor is entitled is only to the limit of the employer's liability under The Pennsylvania Workmen's Compensation Act. This decision has been repeatedly affirmed in the Supreme Court. And this has been recently so held in Elston v. Industrial Lift Truck Co., 420 Pa. 97. It thus appears that there can be no doubt about the right to contribution against the employer unless it has been changed by the Act of 1963, supra. Pennsylvania National Insurance Company carried the Workmen's Compensation Insurance upon Mr. Campbell and has, as hereinbefore indicated, paid the amount due Buterbaugh with the exception of the remaining sums due for partial disability under the agreement, and from which it seeks to be relieved because of the release given to Campbell and Cornish. A tort was committed by Cornish, the employe of Campbell, and responsibility for Cornish's wrongdoing has not been specifically removed from Campbell. Therefore, acting in behalf of

Campbell, the insurance company seeks to be relieved of the responsibility for his wrongdoing. In the Act of 1963, there was no specific repeal of the Uniform Contribution Among Tortfeasor's Act, nor was there any specific repeal of the section of The Pennsylvania Workmen's Compensation Act placing responsibility upon the employer. The equitable principles enunciated by our Supreme Court prevail to the same extent as they did prior to the passage of said act: Swartz v. Sunderland, 403 Pa. 222.

We come to the conclusion that there was no intention on the part of the legislature to relieve the employer Campbell from his responsibility as a joint tortfeasor and, therefore, the preliminary objections filed in behalf of Campbell must be overruled and dismissed.

### ORDER

And now, August 23, 1968, the preliminary objections filed in behalf of Van Allen Cornish are sustained, and judgment now entered in his favor.

And now, August 23, 1968, the preliminary objections filed in behalf of defendant Campbell are overruled and dismissed, and defendant directed to file an answer in compliance with the Rules of Civil Procedure.