Jadosh, Appellant, *v.* Goeringer.

Argued November 18, 1970. Before BELL, C. J., COHEN, EAGEN, O'BRIEN and POMEROY, JJ.

*Jerry B. Chariton,* with him *Sol Lubin,* and *Winkler, Danoff, Lubin & Toole,* for appellant.

*John A. Gallagher,* for Pennsylvania Manufacturers' Association Insurance Company, appellee.

*Joseph J. Musto,* with him *J. T. Griffith,* and *Bedford, Waller, Griffith, Darling & Mitchell,* for Goeringer, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 18, 1971:

On October 10, 1967, appellant was an employee of Bertels Metal Ware Co., Inc., appellee Louis Goeringer was the vice president and general manager of Bertels, with responsibility for the supevision of operations, and appellee Pennsylvania Manufacturers' Association Insurance Company (PMA), was the workmen's compensation carrier for Bertels. Pursuant to the terms of the policies, PMA periodically inspected Bertels' premises in order to advise Goeringer of the existence of unsafe or dangerous work places and equipment. Such inspections occurred on September 1, 1966, March 21, 1967, and September 26, 1967. On October 10, 1967, appellant's fingers were crushed underneath the hydraulic ram of a lug cover press which he was operating for Bertels.

On March 13, 1969, the appellant filed a complaint in trespass against Goeringer and PMA alleging, *inter alia,* that Goeringer had been negligent in condoning the use of a defective press and that PMA had been negligent in making inspections, and that the negligence of each singly or in combination was responsible for his injuries.

Both defendants—Goeringer by virtue of a motion for judgment on the pleadings or summary judgment and PMA by its preliminary objections—pleaded that they were immune under the Workmen's Compensation Act. The court below sustained Goeringer's motion for judgment on the pleadings and PMA's demurrer, and this appeal followed.

### DISCUSSION AS TO GOERINGER

By the Act of August 24, 1963, P. L. 1175, §1, adding §205 to the Workmen's Compensation Act, 77 P.S. §72, the Legislature abrogated the common-law liability of one employee to another for negligence: "If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

Appellant first contends that Goeringer, as vice president and general manager of Bertels, is not protected by the immunity extended to co-employees by Section 205 by virtue of his superior status. However, the Act of February 28, 1956, P. L. (1955) 1120, §1, 77 P.S. §22, includes, *inter alia,* the following statement: "Every executive officer of a corporation elected or appointed . . . shall be an employe of the corporation." Thus, the statute specifically rejects the appel-

lant's position. See *Nationwide Mut. Ins. Co. v. Campbell*, 45 Pa. D. & C. 2d 675 (1968).

Appellant contends that if this is the proper interpretation of the statute, then the statute is unconstitutional because the statute insulates a co-worker from liability without any corresponding financial responsibility being placed on him.

Appellant emphasizes Article III, §18 of the Pennsylvania Constitution, formerly Article III, §21, which reads as follows: "The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. . . ."

We do not see how the above provision precludes the Legislature from immunizing fellow employees from suit. As we recently explained in *DeJesus v. Liberty Mut. Ins. Co.*, 439 Pa. 180, 184, 268 A. 2d 924 (1970): ". . . [T]he purpose of Section 18, as amended, was to permit the General Assembly to enact a workmen's compensation program, but to preclude the enactment of general legislation covering injuries other than those arising in the course of employment [citing cases]. . . ."

In our opinion, a provision immunizing fellow employees from liability for negligent acts or omissions

in the course of their employment is consistent with the constitutional provision permitting the enactment of a comprehensive scheme of workmen's compensation. The employee receives economic insurance that his employment-related injuries will be compensated. He surrenders the right to sue employers or fellow employees for negligence, but he no longer need prove negligence, his own contributory negligence is no longer a bar, and he, too, can no longer be sued for negligence by a fellow employee. Such a comprehensive program is not unconstitutional. See *Lowman v. Stafford,* 226 Cal. App. 2d 31, 37 Cal. Rptr. 681 (1964), where the California Court of Appeals reached the same conclusion in interpreting the California statute.

### DISCUSSION AS TO PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY

Although the writer of this opinion dissented in *Brown v. Travelers Ins. Co.,* 434 Pa. 507, 254 A. 2d 27 (1969), and again in *DeJesus, supra,* where it was held that the insurance carrier is included within the term "employer" as it is used in Section 303 of the Workmen's Compensation Act and, therefore, shares the employer's immunity from common-law liability, the issue has been finally determined. Section 305 of the Act (77 P.S. §501) was amended in 1966, and it now provides: "Such insurer shall assume the employer's liability hereunder and shall be entitled to all of the employer's immunities and protection hereunder. . . ."

Appellant argues, however, that the statute was only intended to allow the insurer to share the immunities of the employer when the employer itself is concerned, not when the insurer is also involved as an independent contractor. The appellant contends that PMA was an independent contractor hired to inspect the safety aspects of the employer's machinery. Why, asks the ap-

pellant rhetorically, should immunity be granted to a third party merely because it also happens to be the compensation insurer for the employer? We do not think the circumstances were all that coincidental. PMA did not just "happen to be" acting as safety adviser to Bertels. It was advising on safety solely because of its role as the employer's insurer. The appellant's brief admits that PMA assumed the duty of making investigations of Bertel's premises pursuant to the terms of the insurance policies between it and Bertels. We believe the language of the statute is clear. PMA, in advising Bertels on safety, was acting as an insurer and is, therefore, entitled to all of the employer's immunity under the act.

Judgment affirmed.

Mr. Justice JONES and Mr. Justice ROBERTS took no part in the consideration or decision of this case.

Mr. Justice COHEN took no part in the decision of this case.