**Monaghan v. Connolley Sales, Inc.**

*E. Robert Marks*, for plaintiff.

*John C. Youngman,* of *Candor, Youngman, Gibson & Gault,* for defendant.

*James W. Evans*, of *Goldberg, Evans & Katzman*, for additional defendants.

MYERS, P. J., October 19, 1972.—

## STATEMENT OF FACTS

This suit arises out of an automobile collision which occurred on October 1, 1969, on Interstate Route 80 about one mile West of the Danville exit in Montour County, Pa.

Plaintiff, Thomas V. Monaghan, was a passenger in a Dodge pick-up truck driven by a fellow employe, Steven Arasimowicz. Both were employed by the National Fence Company and were in the course of their employment at the time of the collision. The Dodge pick-up truck collided with a Ford truck, which was then owned by defendant, Connolley Sales, Inc., and being then and there operated by an employe of Connolley Sales, Inc., one Chester F. Weatherill, Jr.

Plaintiff was injured in the collision, while both Steven Arasimowicz and Chester F. Weatherill, Jr., were killed.

On September 28, 1971, plaintiff filed a complaint against Connolley Sales, Inc., alleging that the Connolley Sales, Inc., truck was being then and there operated in a negligent manner. Defendant, Connolley Sales, Inc., then filed a defendant's complaint joining Frances Arasimowicz, administratrix of the Estate of Steven Arasimowicz, deceased, and National Fence Company as additional defendants. The joinder was made on the basis of sole liability or liability over for contribution, or that additional defendants are jointly or severally liable with the original defendant.

The additional defendants filed an answer to defendant's complaint and also asserted new matter. The answer denied the allegations as set forth in defend-

ant's complaint. By way of new matter, the additional defendants asserted that the joinder on the basis of sole liability was barred by the statute of limitations, Act of June 24, 1895, P. L. 236. See 12 PS §34. The additional defendants also claim that at the time of the collision, plaintiff and Steven Arasimowicz were co-employes of additional defendant, National Fence Company, engaged on its business, and that plaintiff had received benefits under the Workmen's Compensation Act of Pennsylvania, and, therefore, neither the National Fence Company, as employer, nor Frances Arasimowicz, as administratrix of the Estate of Steven Arasimowicz, deceased, as a co-employe, could be found liable to plaintiff. The original defendant, Connolley Sales, Inc., filed a reply to the new matter raised by additional defendants. The reply contained an admission that joinder on the basis of sole liability was barred by the statute of limitations. However, the original defendant denied that the Workmen's Compensation Act would bar the right to contribution from Frances Arasimowicz, administratrix of the Estate of Steven Arasimowicz, deceased, or from the National Fence Company, the employer.

On January 25, 1972, the additional defendants filed a motion for summary judgment under Pennsylvania Rule of Civil Procedure 1035, and the motion is now before this court for disposition.

## DISCUSSION

The pleadings have raised three issues, two of which were disposed of upon agreement. First, taking up the two issues agreed upon, we find that the parties stipulate that neither of the additional defendants can be solely responsible or liable to plaintiff because defendant's complaint in that respect has been barred by

the statute of limitations. Second, the parties agree that in the event liability is proven on the basis of respondeat superior, the additional defendant employer, National Fence Company, may be liable to defendant, Connolley Sales, Inc., on the basis of contribution to the extent of its Workmen's Compensation coverage only.

The third and more troublesome issue is whether or not the Workmen's Compensation Act prevents the joinder by an original defendant of a co-employe of the injured plaintiff where such joinder is sought on the basis of contribution and the injury was suffered by plaintiff during the course of his employment.

The applicable section of the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, provides as follows in section 205, 77 PS §72, as amended:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

Since there is no allegation of intentional wrong by either co-employe, we need not concern ourselves with that point.

Further, it is admitted that plaintiff, Thomas V. Monaghan, and additional defendant, Steven Arasimowicz, were co-employes and engaged in the course of their employment at the time of the accident, both then and there being employed by additional defendant, National Fence Company.

It is the contention of additional defendant co-employe, Steven Arasimowicz (Estate), that he, as such, was absolutely immune from liability under the aforesaid section 205 of the Workmen's Compensation

Act. Defendant, Connolley Sales, Inc., alleges that the act simply provides immunity from liability upon suit by a co-employe, but does not extend or apply to matters of contribution between defendants.

It is unusual that both sides cite several of the same cases to substantiate their respective positions, to wit:

1. Jadosh v. Goeringer, 442 Pa. 451 (1971);

2. Apple v. Reichert, 443 Pa. 289 (1971);

3. Nationwide Mutual Insurance Co. v. Campbell, 45 D. & C. 2d 675 (1968); and

4. Eisner v. Berman, 50 D. & C. 2d 339 (1970).

Defendant, Connolley Sales, Inc., argues that none of the cases cited specifically rule on the question of the joinder of co-employes on the basis of contribution and, therefore, the question remains open. On the other hand, the additional defendant, Steven Arasimowicz (Estate) claims that the language of the cases cited indicated that a co-employe of the injured party is immune from suit, either directly or indirectly, and should be dismissed from any action, including that of contribution.

After considering the respective contentions of the parties, this court concludes that the language of the statute set forth above reflects intent on the part of the legislature to abrogate absolutely any common-law liability of one co-employe to another for negligence.

To dissect section 205, above, more minutely, it states, in part, "A person [meaning co-employe] shall not be liable to *anyone* at common law or otherwise." (Italics supplied.)

The court in Apple v. Reichert, supra, concluded its opinion by referring to section 205 as follows:

"We read the amending Act as clearly phrased to protect all co-employes in all situations where negligent conduct of one employe may cause injury to a fellow employe, provided only that the injury in question is one that is compensable under the Act."

It is our opinion that this pointed, all inclusive, language is intended to apply to matters of contribution among codefendants as well as other applicable situations.

The court, in Nationwide Mutual Insurance Co. v. Campbell, supra, an Armstrong County case, referred to the right of contribution when sustaining a demurrer to the joinder of a co-employe as an additional defendant. The court states in its discussion of section 205 that:

"The language of the Act is very broad and seems to cover every kind of an accident . . . It would therefore seem to be the logical conclusion that [the co-employe] cannot be held liable for his negligence."

Defendant, Connolley Sales, Inc., argues that the Armstrong County court in the Nationwide case, supra, was unsure how section 205 should be applied to contribution because of its use of the words "seem" and "seems." However, the Nationwide case was cited by the Supreme Court in Jadosh v. Goeringer, supra, with no apparent disapproval.

In discussing the constitutionality of section 205, the court, in Jadosh v. Goeringer, added the following all inclusive language:

"In our opinion, a provision immunizing fellow employees from liability for negligent acts or omissions in the course of their employment is consistent with the constitutional provision permitting the enactment of a comprehensive scheme of workmen's compensation. The employee receives economic insurance that his employment-related injuries will be compensated. He surrenders the right to sue employers or fellow employees for negligence, but he no longer need prove negligence, his own contributory negligence is no longer a bar, and he, too, can no longer be sued for negligence by a fellow employee. Such a comprehensive program is not unconstitutional."

Therefore, in view of the language of the statute and its interpretations by the courts, we find that the co-employe, Steven Arasimowicz (Estate), is immune from liability in this matter by way of contribution and otherwise and we make the following

## ORDER OF COURT

And now, to wit, October 19, 1972, the motion for summary judgment by additional defendant, Frances Arasimowicz, administratrix of the Estate of Steven Arasimowicz, deceased, is sustained, and the complaint against the said additional defendant estate is hereby dismissed; the motion for partial summary judgment in favor of additional defendant, National Fence Company, is granted to the end that the National Fence Company may be liable to defendant, Connolley Sales, Inc., on the basis of contribution only to the extent of its Workmen's Compensation coverage; the motion for summary judgment by the additional defendants, Frances Arasimowicz, administratrix of the Estate of Steven Arasimowicz, deceased, and National Fence Company, on the basis of sole liability to the plaintiff is sustained, and defendant's complaint against said additional defendants on the basis of sole liability is dismissed.