Alfred **PIROCCHI**

v.

**LIBERTY MUTUAL INSURANCE CO.**

Civ. A. No. 72–1375.

United States District Court,
E. D. Pennsylvania.
Oct. 12, 1973.

Daniel L. Thistle, Philadelphia, Pa., for plaintiff.

David R. Scott, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

This action against Liberty Mutual Insurance Company (Liberty Mutual), the Workmen's Compensation insurance carrier of plaintiff Alfred Pirocchi's employer, requires us to determine the nature and scope of the duty, if any, owed

to a claimant who asserts that the failure to preserve physical evidence has destroyed his cause of action against a third party.

Defendant Liberty Mutual seeks a judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure, based on the record now before us, which includes the pleadings, affidavits and depositions.

The undisputed facts which gave rise to this litigation are as follows: On August 6, 1970, plaintiff was injured in the course of his employment with the Marriott Corporation, Bala-Cynwyd, Pennsylvania, when a metal chair on which he was sitting collapsed, causing him to fall to the ground. Shortly after the accident, Harry Wagner, a claim adjuster for Liberty Mutual, took possession of the chair for the purpose of investigating a third party action against the chair manufacturer or other possible third party defendants. The law firm of Gold and Silverman was retained by plaintiff in September of 1970 to represent his interests, and the same firm was retained by Liberty Mutual to represent its subrogation interests. Some time thereafter, the chair, which was returned by Wagner to the Marriott, disappeared. On March 27, 1972, Alan Silverman of the firm of Gold and Silverman notified Pirocchi that in his opinion there was no third party liability action. Pirocchi subsequently retained his present counsel and filed this action against Liberty Mutual on July 13, 1972.

Pirocchi's claim against Liberty Mutual is based on alleged negligent acts of its agent Wagner, leading to the loss of the chair after its return to Marriott. Wagner's negligence is said to consist of his failure, first, to place a tag or identification mark on the chair; second, to obtain a receipt from the secretary to whom he gave the chair; and, third, to take the steps necessary to place the chair in the custody of plaintiff's supervisor at the Marriott.

Plaintiff's counsel at oral argument conceded that while Liberty Mutual, in the first instance, may have owed no duty to Pirocchi to preserve this piece of evidence to aid him in his pursuit of a third party action, a duty arose to use reasonable care to preserve this necessary evidence once Wagner took possession of the chair. Thus plaintiff's claim is based solely upon the alleged negligence of Liberty Mutual in failing to preserve the chair, and not upon the circumstances which gave rise to the initial injury which occurred when the chair collapsed. Plaintiff admits that Liberty Mutual made total compensation payments of $4,743.32, either directly to him or in his behalf.

Defendant supports its motion for summary judgment on these grounds:

(1) As the Workmen's Compensation carrier for plaintiff's employer, it is immune from any common law liability to plaintiff arising out of a work-related injury for which plaintiff was paid compensation.

(2) It was under no duty to plaintiff to maintain in protective custody a chair it admittedly returned to its rightful owner, the Marriott Corporation.

(3) Even if a duty did exist, its conduct establishes there was no breach of that duty as a matter of law.

In considering defendant's contentions seriatim, we note that this is a diversity action, which is controlled by the substantive law of the Commonwealth of Pennsylvania. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

I. *Liability of Liberty Mutual as Workmen's Compensation Carrier for Plaintiff's Employer.*

It is, of course, conceded by plaintiff that under Pennsylvania law he cannot maintain an action for negligence against his employer for an injury occurring in the course of his employment because his rights are limited to the compensable element set forth in the Workmen's Compensation Act, 77 P.S. § 1 et seq. A number of cases have raised the issue of the extension of the employ-

er's immunity and protection under the Act to its Workmen's Compensation insurance carrier. See Mays v. Liberty Mutual Ins. Co., 323 F.2d 174 (3rd Cir. 1963), and Brown v. Travelers Insurance Co., 434 Pa. 507, 254 A.2d 27 (1969). This question was resolved, however, by the Pennsylvania legislature in 1966, when the Workmen's Compensation Act was amended to give the Workmen's Compensation insurer the same immunity from an injured employee's suit for personal injury in the course of his employment that is granted to the employer. P.L. 1552 of January 25, 1966, 77 P.S. § 501. See Aceto v. Zurich Insurance Company, 440 F.2d 1320 (3rd Cir. 1971).

Plaintiff concedes that 77 P.S. § 501 would prevent him from suing Liberty Mutual for the personal injuries he received when the chair collapsed. Plaintiff asserts, however, that the present action is not based on any negligence of Liberty Mutual in connection with plaintiff's injuries, but upon a totally separate set of acts and omissions which have taken from plaintiff a viable third party action. Thus, he asserts that § 501 is not a bar to the maintenance of this action, which is based on an independent and separate tort claim, arising from defendant's alleged negligence in failing to take the reasonably necessary steps to preserve this indispensable physical evidence once it took possession of it.

The Supreme Court of Pennsylvania discussed the applicability of 77 P.S. § 501 in the recent case of Jadosh v. Goeringer, 442 Pa. 451, 275 A.2d 58 (1971). In that case plaintiff sued the compensation carrier, alleging that the carrier had been negligent in making safety inspections of the employer's premises, as a result of which plaintiff's fingers were crushed in a lug cover press. The Court held that the carrier was entitled to all of the employer's immunity under the Act, citing 77 P.S. § 501, and two earlier cases, Brown v. Travelers Ins. Co., *supra,* and DeJesus v. Liberty Mutual Ins. Co., 439 Pa. 180, 268 A.2d 924 (1970), and affirmed a lower court judgment which sustained the carrier's demurrer.

It should be noted that the alleged negligence of the compensation carrier in *Jadosh* arose from faulty inspection of the employer's premises and the ensuing failure to advise the employer of unsafe work places and equipment. This negligence was alleged to be a direct cause of plaintiff's physical injuries on the theory that had there been proper inspections, these injuries might never have occurred.

Plaintiff Pirocchi, however, does not allege that Liberty Mutual's negligence was in any way causally related to the physical injury which occurred when the chair collapsed. Plaintiff argues that the rule of the *Brown, DeJesus* and *Jadosh* cases applies only when the negligence of the carrier causes the physical injury to the employee: in such a case, § 501 and the cited cases extend the employer's immunity to the carrier. His contention draws a sharp distinction between an action against the carrier arising out of the physical injury itself and one based upon alleged negligent conduct on its part that has resulted in the destruction of a potential action against a third party.

■■ We do not believe that 77 P.S. §§ 481 and 501 were intended to extend immunity from suit to employers and insurance carriers whose acts may cause independent economic injury that is separate and distinct from the physical injury suffered by an employee in the course of his employment. The argument advanced by Liberty Mutual would extend tort immunity to negligent conduct which is based on acts or omissions that are unrelated to the cause of the physical injuries covered by the provisions of the Workmen's Compensation Statutes. We do not believe the legisla-

ture intended such an extension. We, therefore, hold that the provisions of 77 P.S. § 501 are not a bar to the maintenance of this action against Liberty Mutual.

## II. *Defendant's Duty to Plaintiff.*

Plaintiff argues that even if defendant was initially under no duty to maintain the chair in protective custody, once defendant's agent took possession of the chair a duty arose to act as a reasonable man would under the circumstances. Wagner's alleged breach of this duty is the legal basis for the present action.

Under the general law of torts, a defendant may voluntarily assume a duty by affirmative conduct which would not exist in the absence of such conduct. See Prosser, Handbook of the Law of Torts, 4 ed. (1971), § 56 and cases cited therein.

Under the law of Pennsylvania, a person who makes an engagement, even though gratuitous, and actually enters upon its performance, will incur tort liability if his negligence thereafter causes another to suffer damages. Pascarella v. Kelley, 378 Pa. 18, 105 A.2d 70 (1954). Rehder v. Miller, 35 Pa.Super. 344 (1908).

The standard required in the performance of a duty created by affirmative conduct is reasonable care under all of the circumstances, and the duty may be terminated when circumstances permit by giving notice of the intention to terminate and disclosing what remains to be done. Prosser, *supra*, § 56.

Defendant cites the case of Stupka v. Peoples Cab Co., 437 Pa. 509, 264 A.2d 373 (1970) in support of the argument that it was under no legal duty to plaintiff under the circumstances of the present case. In *Stupka*, plaintiff was a passenger in defendant's taxicab, which was struck in the rear by another vehi-cle, without any fault on the part of defendant's driver. Plaintiff averred that the taxicab driver left the cab and spoke to the driver of the other vehicle, but failed to secure that driver's name or license number, preventing plaintiff from later instituting an action to recover damages for personal injuries. Defendant's preliminary objections were sustained by the lower court, and the Supreme Court of Pennsylvania affirmed on appeal.

The *Stupka* court was unwilling to "impose on cab companies the duty to obtain sufficient information about individuals involved in traffic accidents with cabs to enable cab passengers at least to know against whom to bring suit." *Stupka* at 511, 264 A.2d at 373. The Supreme Court noted the traditional unwillingness of courts to impose affirmative duties on individuals, and found that the protection of a passenger's financial well-being, through obtaining information necessary for him to pursue a third party lawsuit, was "not of sufficient weight to overcome the traditional judicial reluctance to impose affirmative duties." *Stupka* at 513, 264 A.2d at 374. The Court's opinion is thus concerned with the imposition of a new affirmative duty upon a taxicab company, rather than with the recognized duty to act reasonably once affirmative action has been undertaken, an issue which is not discussed in any of the *Stupka* opinions nor raised in the briefs of the parties. We, therefore, conclude that the court in *Stupka* did not intend to change the law of Pennsylvania as expressed in Pascarella v. Kelley and Rehder v. Miller, *supra*.

The existence of a voluntarily assumed duty through affirmative conduct is a matter for determination in light of all the facts and circumstances. As Professor Prosser notes, "[j]ust when the duty is undertaken, when it ends and what conduct is required, are nowhere clearly defined, and perhaps cannot be." Prosser, *supra*, at § 56.

■ We are unwilling to make such a determination based on the depositions and affidavits which are presently before us. This matter, as well as the question of breach of duty, are more properly reserved for decision at the trial on the merits, when a full evidentiary record can be developed.

### III. *Breach of Defendant's Duty to Plaintiff.*

■ Breach of duty under Pennsylvania law is the failure to exercise reasonable care under all the circumstances of a particular situation. Smith v. Philadelphia Transp. Co., 173 F.2d 721 (3rd Cir. 1949). Summary judgment is usually not appropriate in negligence cases, Wright and Miller, Federal Practice and Procedure, Civil § 2729, since the application of the standard of conduct of the reasonable man usually requires a full exposition of all the underlying facts and circumstances. While it is clear that plaintiff has the burden of proof with respect to assumption of a duty and its subsequent breach, it is equally clear that he is entitled to his day in court to present the evidence he has. We cannot speculate on the implications of the fact that plaintiff and defendant were at one time represented by the same law firm, nor upon the circumstances surrounding the custody and return of the chair to Marriott, particularly the instructions, if any, given by Wagner to the Marriott employee who accepted the chair, a matter which is in dispute. These disputed facts certainly bear on the breach of duty, if any, which occurred, and a fuller exposition at the trial on the merits will enable the court to make an informed judgment as to whether or not Wagner acted as a reasonable man would have acted under all of the circumstances.

For these reasons, defendant's motion for summary judgment is denied.