Leanne SNYDER, et al.,

v.

CONGOLEUM/KINDER, INC., et al.

Civ. A. No. 86–6326.

United States District Court,
E.D. Pennsylvania.

July 14, 1987.

Dallas W. Hartman, Lancaster, Pa., for plaintiff.

Robert St. Leger Goggin, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff,[1] LeAnne Snyder, has brought this action seeking compensatory and punitive damages from her employer (Congoleum) and the employer's workmen's compensation carrier (Liberty). Defendants have filed motions to dismiss the complaint in its entirety for failure to state a claim on which relief can be granted. Defendants argue that the Workmen's Compensation Act provides the exclusive remedy for plaintiff's injuries. For the reasons which follow, I will grant the motion of defendant Congoleum. The motion of defendant Liberty will be denied.

*Background*

In deciding a motion to dismiss, I must accept as true all well pleaded factual allegations made in the complaint and must resolve all reasonable inferences to be drawn from those allegations in the light most favorable to the plaintiff. Under the federal rules, the complaint need only set forth a short and plain statement of claims sufficient to give defendant fair notice of the nature of the claim and the grounds upon which it rests. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bogosian v. Gulf Oil,* 561 F.2d 434, 446 (3d Cir.1977). "[A] complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 101–102 (footnote omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Plaintiff originally suffered a work-related injury on or about September 10, 1985

1. Because the claims of plaintiff Keith Snyder are derivative, I shall refer to the plaintiff in the singular.

while acting within the scope and course of her employment.[2] (Complaint, ¶ 10). Plaintiff was hospitalized and underwent surgery for that injury. (*Id.*, ¶ 12). Plaintiff was discharged from the hospital on November 6, 1985. (*Id.*).

According to the complaint, at some time following her release from the hospital, Liberty contacted plaintiff's treating physician and inquired as to when plaintiff would be capable of returning to her regular job or to limited, light-duty work. (*Id.*, ¶ 14). The physician stated that he would return plaintiff to light-duty work provided that work within plaintiff's physical limitations was available. (*Id.*, ¶ 15). Plaintiff further alleges that an employee of Liberty stated that Congoleum had such work available as of the end of November, 1985. (*Id.*, ¶ 16). Plaintiff, therefore, returned to work on December 2, 1985. (*Id.*, ¶ 18). Upon reporting to work, plaintiff was instructed to begin work at her prior position as head bed cutter, a job which plaintiff alleges involved activities greatly exceeding those permitted by her physician. (*Id.*, ¶ 19–20). After working at this position for approximately four hours, plaintiff reinjured her back. (*Id.*, ¶ 21).

The complaint sets forth claims against Liberty for negligence in returning her to work, negligent misrepresentation, fraud in returning her to work, conspiracy to defraud, battery, and bad faith. Plaintiff asserts claims against Snyder for battery and conspiracy to defraud. Claims for loss of consortium and punitive damages are also asserted.

### The Workmen's Compensation Act as an Exclusive Remedy

Pennsylvania, like other states, has enacted a comprehensive Workmen's Compensation Act (the Act) to provide prompt, guaranteed payments to injured workers.

In exchange for this certain compensation, the employer was given immunity from common law suits by employees. 77 Pa. Stat.Ann. § 481(a);[3] *Wilson v. Asten-Hill Mfg. Co.*, 791 F.2d 30, 32 (3d Cir.1986). The employer's immunity from suit extends to its insurer. 77 Pa.Stat.Ann. § 501. As the Third Circuit has repeatedly explained:

> The statutory scheme ... operates on a law of averages. In some instances where he could prove negligence, an employee may receive less compensation than he would recover in damages in a common law suit. In other situations, an employer may have to pay compensation where he would not be liable for any sum at common law. Despite inequities in specific cases, the underlying assumption is that, on the whole, the legislation provides substantial justice.

*Wilson*, 791 F.2d 30, 32 (quoting *Weldon v. Celotex Corp.*, 695 F.2d 67, 70 (3d Cir. 1982)).

At issue in this case is whether the plaintiff's claims against the employer and insurer fall within an exception to the exclusivity provisions of the Act. Plaintiff argues that her claims fall within the statutory exception for injury caused by a third person. Plaintiff further argues that her claims fall within a judicially created intentional tort exception. Finally, plaintiff argues that her claims against Liberty survive because the alleged tortious acts were committed while performing a separate and distinct function outside the scope of the employer's business.

### Third Party Assault

The Workmen's Compensation Act does not apply to "an injury caused by the act of a third person intended to injure the employe because of reasons personal to him and not directed against him as an employe or because of his employment." 77 Pa.

---

**2.** It is undisputed that the plaintiff's remedy for this original injury lies exclusively in the Workmen's Compensation Act.

**3.** "[T]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes ... in any action at law or otherwise on account of any injury or death as defined in section [411(1) and

(2) ]." Section 411(1) further provides that "[t]he terms 'injury' and 'personal injury' ... shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto." 77 Pa.Stat.Ann. § 411(1).

Stat.Ann. § 411(1). Thus, there exists a narrow exception to the employer's immunity from suit, limited to those situations in which the injury is caused by a third person intent upon injuring an employee for reasons which are unrelated to the latter's status as an employee. Plaintiff argues that her claim falls within this exception. I disagree.

The words of the statute are, at best, ambiguous. Taken on its face, the phrase "reasons personal to him" appears to refer to the victim. Yet the case law repeatedly refers to reasons personal to *the assailant. See Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 388, 421 A.2d 251, 255 (1980); *McBride v. Hershey Chocolate Corp.*, 200 Pa.Super. 347, 350, 188 A.2d 775, 777 (1963).

The Pennsylvania Superior Court has recently reduced this confusion, holding that

[t]his exception to the Act applies to situations in which the third party's acts were motivated by a feeling of animus *against the particular person injured.* If the third party would have attacked a different person in the same position as the injured employe, that attack falls outside the exception and is covered exclusively by the Act.

*Brooks v. Marriott Corp.*, 361 Pa.Super. 350, 356, 522 A.2d 618, 621 (1987). In *Brooks*, a store clerk was murdered by unknown persons. The complaint survived a motion to dismiss because it contained an allegation that the assailant attacked the victim "because of reasons which were personal to [the assailant], and were not directed against [the victim] as an employee of the defendant or because of this employment." The court noted that, in order to succeed at trial, plaintiff "would have to prove that the killer had personal animus against the victim and the personal animus was the motivation for the stabbing." *Id.*

In the present case, there is no allegation of any personal animus. Rather, plaintiff argues that such an animus is only required in situations involving an attack by a co-worker or an altercation precipitated by an act performed within the scope of

employment. *Brooks* clearly defeats this argument.

The "personal" motivation alleged by plaintiff is the insurer's desire to save money. The motivation would have been the same had the plaintiff been any other employee of Congoleum. It is a motive which is inherent in the status of the parties as employee, employer, and insurance carrier. The plaintiff's claims, therefore, do not fall within the statutory exception of section 411(1). *Brooks*, 361 Pa.Super. 350, 356, 522 A.2d 618, 621.

### Intentional Tort

Plaintiff argues that her claims fall within a judicially-created exception to the exclusivity provisions of the Act because the injury is the result of intentionally tortious conduct on the part of the employer. However, the Pennsylvania Supreme Court has recently spoken on this issue, and has unequivocally rejected the argument that the employer should not be allowed to escape common law liability for its intentional misconduct:

It is true that the appellate courts of some other states have held that wanton and willful misconduct by an employer is tantamount to an intentional tort, and as such, prevents the operation of a statutory exclusive-remedy provision. It must be noted, however, that those cases rested on provisions in the state workmen's compensation statutes which expressly preserved the right of an employee to sue in tort where his injury was caused by the employer's intentional wrongdoing. There is no such provision in The Pennsylvania Workmen's Compensation Act.

The appellant's argument ... is one that must be resolved by the General Assembly, not this Court. What he is asking us to do is to engraft upon section 303(a) of the Act an exception the legislature did not see fit to put there. A reading of the Act will disclose that the legislature was not unmindful of the issue of intentionally caused harm.... Since it is clear that the legislature had the issue of intentional harm in mind,

and yet did not mention it in connection with section 303(a), we are constrained to conclude that the legislature did not intend the result for which the appellant argues.

*Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 38, 522 A.2d 548, 551 (1987).

Accordingly, plaintiff's argument that her claims fall within an intentional tort exception to the statute must fail.

### The Separate and Distinct Function of the Insurer

Finally, plaintiff argues that her claims against Liberty set forth in Counts I, II, III, IV, VI and VII are not barred by the Workmen's Compensation Act because Liberty's tortious acts were committed while providing a separate and distinct function outside the scope of the employer's business.

Plaintiff relies on *Tropiano v. Travelers Ins. Co.*, 455 Pa. 360, 319 A.2d 426 (1974), in which the Pennsylvania Supreme Court held that the insurance carrier was liable to the employee for negligent medical treatment directed and controlled by the insurance carrier. The court found that the injuries did not arise in the course of the plaintiff's employment:

> The medical treatment of injuries is a separate and distinct function of the insurance carrier which does not concern the employer and is not part of the employer's business operations. The alleged acts of negligence in this case were committed by the insurance carrier subsequent to and independent of the original injury and with no involvement of the employer whatsoever.

*Tropiano*, 455 Pa. 360, 363, 319 A.2d 426, 427.

Defendant argues that the controlling case is *Jadosh v. Goeringer*, 442 Pa. 451, 275 A.2d 58 (1971). In *Jadosh*, an employee sought to recover damages from the carrier for injuries which occurred when his fingers were crushed by a piece of machinery in the workplace. Plaintiff alleged that the carrier had been negligent in condoning the use of a defective machine and in making negligent inspections of the employer's premises. The court held that the carrier had been acting, pursuant to its contract with the employer, "solely because of its role as the employer's insurer."

I find that the two cases are easily distinguishable, and that *Tropiano* is controlling in the present case. In *Jadosh*, the critical issue was whether the defendant was acting as an independent contractor, or merely in its role as the employer's insurer, entitled to immunity. Three years later, the Pennsylvania Supreme Court faced a different issue in *Tropiano*. There, the tortious conduct occurred outside of the routine employment context, and after the plaintiff's initial injury. The defendant was clearly acting solely in its role as insurer. The focus of the court was on whether the negligent acts of an insurer in providing medical care subsequent to the original workplace injury was an injury arising in the workplace.[4]

The present case differs from *Tropiano* in that the physical injury to the plaintiff occurred in the workplace while she was performing a job for her employer. However, the allegedly tortious conduct of defendant Liberty was in causing the plaintiff to return to her job. As was true in *Tropiano*, this conduct is alleged to have occurred outside the workplace, and subsequent to the initial injury. The insurer was performing "a separate and distinct function ... which ... [was] not part of the employer's business operation." *Tropiano*, 455 Pa. 360, 363, 319 A.2d 426, 427.[5] Although the ultimate injury occurred in the workplace, the focus must be on the alleged tortious conduct. *See, e.g., Tatrai v. Presbyterian University Hospital*, 497 Pa. 247, 439 A.2d 1162 (1982) (employer

---

**4.** The exception recognized by the Pennsylvania Supreme Court in *Tropiano* is not unlike the dual capacity doctrine, recently reaffirmed by that court. *Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 522 A.2d 548, 550 n. 4 (1987).

**5.** In contrast, the insurer in *Jadosh* was performing safety inspections of the employer's workplace and equipment. Such inspections are directly related to the operation of the employer's business.

acting in a dual capacity may be liable to employee for injury in the workplace).

### Conclusion

Because the plaintiff's claim does not fall within the statutory exception for assault by a third party to the exclusivity provisions of the Pennsylvania Workmen's Compensation Act, and because Pennsylvania does not recognize an intentional tort exception to that provision, the plaintiffs' claims against defendant Congoleum/Kinder contained in Counts IV and V are DISMISSED. Because plaintiffs' claims against defendant Liberty fall within an exception to the exclusivity provision of the Act, the motion of defendant Liberty to dismiss is denied. An appropriate order is attached.