**LeAnne SNYDER, et al.**

v.

**LIBERTY MUTUAL INSURANCE CO.**

Civ. A. No. 86–6326.

United States District Court, E.D. Pennsylvania.

June 9, 1988.

**526**

Dallas W. Hartman, Lancaster, Pa., for plaintiffs.

Dawson Horn, III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs LeAnne Snyder and Keith Snyder brought this action seeking compensatory and punitive damages from Mrs. Snyder's employer, Congoleum/Kinder, Inc., and the employer's workmen's compensation carrier, Liberty Mutual Insurance Co. On July 14, 1987, 664 F.Supp. 975, I granted the employer's motion to dismiss on the ground that the Workmen's Compensation Act provided plaintiffs' exclusive remedy against the employer.[1] However, I denied the insurer's motion to dismiss because, at that stage of the proceedings, the plaintiffs appeared to be asserting a claim more akin to *Tropiano v. Travelers Insurance Co.*, 455 Pa. 360, 319 A.2d 426 (1974) (insurance carrier liable to employee for negligent medical treatment directed and controlled by the carrier) than to *Jadosh v. Goeringer*, 442 Pa. 451, 275 A.2d 58 (1971) (insurer acting solely in its role as employer's insurer was not liable to employee for its negligent inspection of workplace). *Snyder v. Congoleum/Kinder, Inc.*, 664 F.Supp. 975 (E.D.Pa.1987).

Discovery has now been completed, and defendant Liberty Mutual has filed a motion for summary judgment in which, *inter alia*, it renews its motion to dismiss on the previously asserted grounds. Up to this time, plaintiffs' articulation of their legal theory and the facts on which they relied has been quite murky.[2] In ruling on the insurer's motion to dismiss, I resolved in plaintiffs' favor all doubts as to whether she could prove a set of facts in support of her claim. In reviewing the instant motion for summary judgment, I have had the benefit of more complete briefing and an extensive factual record. More importantly, plaintiffs have, for the first time, crystallized their legal theories. Thus, I am able to better evaluate the issues originally raised in defendant's motion to dismiss in the light of the particular facts of this case. After careful review of the present record, I am persuaded that Liberty Mutual was, at all relevant times, acting solely in its role as the employer's insurance carrier. I will, therefore, grant the defendant's motion for summary judgment.

Mrs. Snyder was initially injured in the scope and course of her employment on or about September 10, 1985. Thereafter, she was treated by a physician and underwent surgery for an injury to her back. She received workmen's compensation benefits for that injury.

It is undisputed that Mrs. Snyder's physician released her to return to light duty work as of December 2, 1985, subject to certain restrictions, including a 20 pound weight restriction. Liberty Mutual in-

---

1. I found that Pennsylvania does not recognize an intentional tort exception to the exclusivity provisions of the Workmen's Compensation Act, and that the plaintiffs' claim did not fall within the exception for third-party assaults.

2. Indeed, notwithstanding my previous orders compelling plaintiffs to provide full and complete responses to outstanding interrogatories, many of plaintiffs' responses have remained vague and confusing, leading defendant to file a motion for sanctions dismissing this action. My disposition of defendant's motion for summary judgment renders the motion for sanctions moot.

formed the employer of these restrictions. The essence of plaintiffs' claims is that Liberty Mutual tortiously instructed Mrs. Snyder to return to work, where her employer allegedly required her to perform work which exceeded the restrictions imposed by her physician, causing further injury to her back. Specifically, plaintiffs allege that Liberty Mutual was negligent in instructing her to return to work without taking adequate steps to verify that appropriate work was available and without investigating the experience of plaintiff's supervisor in evaluating physical work restrictions and in assigning appropriate duties.

The articulation of plaintiffs' legal theories in their response to the motion for summary judgment makes it clear that plaintiffs' claims focus not on the insurer's separate and independent relationship with Mrs. Snyder, but on her workplace injury. The heart of plaintiffs' claim is not the conduct which took place outside the workplace and independent of the employer's business operation, as in *Tropiano*. Rather, the plaintiffs' entire case rests on the premise that the insurer was not sufficiently involved in the workplace environment to protect Mrs. Snyder from injury on the job.

In their response to defendant's motion to dismiss, plaintiffs illustrated their position with the hypothetical case of an insurance agent who, while in a company car and on company business, negligently struck plaintiff while in the parking lot of the plaintiff's employer. Such an accident would clearly be unrelated to the defendant's status as the workmen's compensation carrier for plaintiff's employer. Similarly, if the insurance carrier had somehow induced a physician to return a patient to light duty work against the physician's best medical judgment, that conduct might be viewed as completely independent of the employer's business operation and the patient's status as an employee. However, neither of these hypotheticals fits the present case, which is rooted in the actions of the employer and the failure of the employer to make light duty work available.

Plaintiffs' complaint describes an insurance carrier acting solely in its role as a workmen's compensation carrier for Mrs. Snyder's employer. The alleged negligence of the insurance carrier is intimately intertwined with the employer's actions in the workplace setting.[3] As in *Jadosh*, the negligence of the carrier is alleged to be a direct cause of plaintiff's physical injury in the workplace on the theory that had there been proper "vocational rehabilitation," the second injury might never have occurred. Therefore, assuming without deciding that there was negligence in this case, Liberty Mutual is entitled to all of the employer's immunities and protections under the Workmen's Compensation Act. 77 Pa. S.A. § 501 (Purdon Supp.1988); *Kifer v. Liberty Mut. Ins. Co.*, 777 F.2d 1325, 1339 n. 13 (8th Cir.1985), *Pirocchi v. Liberty Mutual Ins. Co.*, 365 F.Supp. 277, 280–81 (E.D.Pa. 1973); *Jadosh*, 442 Pa. 451, 275 A.2d 58.

Plaintiff has also asserted claims for negligent misrepresentation, fraud, and conspiracy. Arguably, these claims focus on the defendant's independent relationship with Mrs. Snyder, and not on the workplace injury. The record is devoid of any facts which would support a finding of a material misrepresentation. Therefore, these claims must fail. Similarly, the allegation that fraudulent misrepresentations were made with the intent to cause harmful or offensive bodily contact fails to survive this motion for summary judgment. Plaintiff has voluntarily withdrawn her claim of bad faith.

Therefore, I will grant the defendant's motion for summary judgment. An appropriate order is attached.

---

**3.** Indeed, at page 40 of her response, plaintiff asserts that the employer was the agent of Liberty and that Liberty is, therefore, liable for the negligence of the employer.