The Travelers Insurance Company, Petitioner *v.* Workmen's Compensation Appeal Board (Barry L. Levine), Respondents.

Argued May 7, 1982, before Judges ROGERS, MAC-PHAIL and DOYLE, sitting as a panel of three.

*John D. Newborg,* for petitioner.

*Joel Persky, Baskin and Sears, P.C.,* for respondent, Barry L. Levine.

OPINION BY JUDGE MACPHAIL, July 28, 1982:

In this appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed

the decision of the referee awarding workmen's compensation benefits to Barry L. Levine (Claimant), the critical facts are not in dispute.

Claimant, while president and general manager of Queen Ester's, Inc.[1] (Employer), suffered a work related injury on December 8, 1976. At that time, a valid policy of insurance under the provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1031, existed between Employer and Travelers Insurance Company (Travelers), appellant herein. The day following the accident, Claimant told one Toni Ann Wyner, whom the referee found to be the corporate secretary, about the injury. No claim form was sent to Travelers, however, until November 15, 1977. Travelers said that it did not receive that form until December, 1977. Employer ceased doing business after the Johnstown flood of 1977, but the corporation was never formally dissolved. While he was employed, Claimant took care of the Employer's insurance matters, including workmen's compensation insurance, which he said was arranged through a local insurance agency. Claimant explained the delay in filing a claim with Travelers on the basis that he was not certain whether or not the workmen's compensation insurance policy was in effect on the date of his accident because of conversations he had had with the local agent relative to the Employer's financial obligations to the agent.

The referee found that Claimant had sustained a compensable injury and that valid notice had been

---

[1] Although the Board and the insurer assumed that the Employer was a "close corporation", there is nothing in the record to indicate who owned the stock of the compnay or who the shareholders were. Just two officers, including the Claimant, were mentioned in the record. Claimant's wife was identified as an employee.

given under Section 311 of the Act which provides in pertinent part:

> Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof *to the employer* within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. (Emphasis added.)

77 P.S. §631. In the instant case there is substantial evidence in the record to support the referee's finding that Claimant told Ms. Wyner about his accident and that Ms. Wyner was the corporate secretary. This Court has held that in order for notice to be adequate under the provisions of Section 311, such notice must be given to one whose position justifies that authority has been delegated to that person by the employer as its representative to receive a report or notice of such accidental injury. *Canterna v. U. S. Steel Corp.*, 12 Pa. Commonwealth Ct. 579, 317 A.2d 355 (1974). In the case now before us, since Claimant normally was responsible for insurance matters, he gave notice to another corporate officer. The referee concluded that this constituted valid and timely notice to the Employer under Section 311. We agree.

Whether notice has been given to the Employer in compliance with Section 311 is a question of fact to be determined by the referee. *Katz v. The Evening Bulletin*, 485 Pa. 536, 403 A.2d 518 (1979). Since there is substantial evidence in the case now before us from which the referee could have found as he did, the issue is closed as far as appellate review is concerned. *Id.*

Travelers contends that even if there was valid notice from Claimant to Employer, it is not liable because of Employer's delay in filing the claim form with Travelers. The referee concluded that a determination of liability of the insurance carrier was within his province. This is the law in Pennsylvania. *Workmen's Compensation Appeal Board v. Cicioni*, 29 Pa. Commonwealth Ct. 381, 370 A.2d 1256 (1977). It is Travelers' position that since Employer was a close corporation,[2] the notice requirements of Section 311 should be interpreted as requiring notice to the insurance carrier within 120 days.[3] There is no case law offered by Travelers in support of that proposition.

The purpose of requiring notice is, of course, to protect the Employer from stale claims for accidental injuries, of which it would have no knowledge, made after the opportunity has passed for full and complete investigation of the circumstances. *Canterna v. U. S. Steel Corp.* The fact that Claimant was the principal officer of a small corporation in no way limits the Claimant's right under the Act.

> Absent a showing of fraud or improper corporate manipulations designed to circumvent the public policy encompassing the Workmen's Compensation Act, courts will not sanction a disregard of the corporate entity merely because

---

[2] See footnote 1.

[3] The referee found that there was sufficient justification for the delay in this case and that the claim was filed "as soon as practicable". Whether or not that is or should be the test of timeliness in the instant case, is immaterial because Travelers' sole argument is that the notice provisions of Section 311 required Claimant or Employer to give notice to it within 120 days. There is nothing in the record which would tell us what the provisions are, if any, in the insurance policy contract between Employer and Travelers regarding the Employer's obligation to Travelers once a claim has been filed with the Employer.

the corporate stock is closely held or family owned.

*Gayer v. Quaker Hair Goods Co.,* 5 Pa. Commonwealth Ct. 133, 138, 289 A.2d 763, 766 (1972). While Travelers attempted to show at the referee's hearing that the instant claim was somehow tainted, the record falls far short of proof of fraud or improper corporate manipulations. No doubt for that reason, Travelers has not even argued to us that those elements exist in this case. Travelers admits, as it must, that Section 311 does not require notice to the insurer; rather, the mandate is for notice to the Employer. Travelers argues, nevertheless, that any interpretation of Section 311 other than that which they have suggested could lead to an absurd result such as in the case of a one person corporation where an injury to the only employee would require that Claimant give notice of the injury to himself. It would be our view, to the contrary, that notice in that circumstance would not be from an individual to an individual but from an individual to a corporation, a different entity, and in the absence of fraud or improper corporate manipulation, would be valid notice under Section 311. The result would not be absurd, it would be compliance with the law. Inasmuch as the Act does not require notice to the insurer in this or any other circumstance and Travelers cannot point to any case law or other authority which would warrant us in reaching the conclusion they urge, we must reject that conclusion.

Order affirmed.

## ORDER

It is ordered that the order of the Workmen's Compensation Appeal Board dated May 14, 1981, be affirmed. Judgment is entered against the Travelers In-

surance Company who is ordered to pay compensation at the rate of $187 per week beginning December 9, 1976 and continuing to the present and into the indefinite future.

Interest is payable on all deferred payments of compensation at the rate of 10 percent per annum.

Travelers Insurance Company is ordered to pay Claimant's counsel the sum of $150 as reimbursement for the reasonable and necessary costs of prosecuting this matter and is directed to deduct 20 percent of the compensation due and payable to the Claimant and pay same as counsel fees directly to Thomas W. Henderson, Esquire, 10th Floor, Frick Building, Pittsburgh, PA 15219, with the remainder to be paid to the Claimant.

Judge DOYLE concurs in the result only.