**WHITE HOUSE INDUSTRIES, INC., and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Charles A. MAY and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 92CA0629.

Colorado Court of Appeals, Div. I.

Dec. 31, 1992.

Michael J. Steiner, Denver, for petitioners.

James A. May, Denver, for respondent Charles A. May.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for Respondent Industrial Claim Appeals Office.

Opinion by Chief Judge STERNBERG.

The issue in this review is whether a workers' compensation claimant who, as vice-president of a company, had authority to file a first report of injury is, for that reason, precluded from taking advantage of a tolling provision designed to prevent the applicable statute of limitations from beginning to run when the employer fails to file a first report of injury. We affirm the decision of the Industrial Claim Appeals Panel that the claim for workers' compensation benefits filed by Charles A. May (claimant) was not barred by the applicable statute of limitations.

Claimant, the vice-president of White House Industries, Inc. (employer), sustained injuries in an automobile accident on May 24, 1985. Employer's first report of injury, which was prepared by claimant, was not filed with the Division of Workers' Compensation and employer's insurer, the Colorado Compensation Insurance Authority (CCIA), until May 10, 1989. Claimant filed a claim for compensation on September 18, 1990.

The Administrative Law Judge (ALJ) denied and dismissed the claim based upon the conclusion that it was barred by the three-year statute of limitations set forth in § 8–52–105(2), C.R.S. (1986 Repl.Vol. 3B) (now codified with changes at § 8–43–103(2), C.R.S. (1992 Cum.Supp.). Although § 8–52–105(2) provides that the employer's failure to report the injury tolls the limitations period in which the claimant must file a claim, the ALJ nevertheless determined that the statute was not tolled in this case because "claimant and his son [employer's president] are the corporate officers and are responsible for all of the delay in filing the first report."

The Panel reversed this decision on the ground that the evidence did not support the ALJ's implicit conclusion that claimant is estopped from benefitting from the tolling provision of the statute. On remand, the ALJ awarded benefits, and the Panel affirmed.

■ Employer and the CCIA (petitioners) contend that the Panel erred in finding that the statute of limitations was tolled. Equitable doctrines, including waiver, equitable estoppel, and laches, apply here to bar the claim, argue petitioners, because claimant's failure to file a timely claim should not be excused by his failure to file a timely first report. We disagree with the legal standard adopted by the panel but arrive at the same conclusion.

Section 8–52–105(2) provides that:

[I]n *all* cases in which the employer has been given notice of an injury and fails, neglects, or refuses to report said injury to the division ... this statute of limitations shall not begin to run against the claim of the injured employee ... until the required report has been filed with the division. (emphasis added)

■ When, as here, a claimant, by virtue of his position as corporate officer or some other supervisory capacity, had the authority along with another to file a first report

of injury, we decline, on the basis of that authority alone, to restrict a claimant's opportunity to assert a claim. Something more must be shown before the mandatory language of § 8–52–105(2) will be disregarded.

In *Travelers Insurance Co. v. Workmen's Compensation Appeal Board,* 68 Pa.Commw. 24, 447 A.2d 1116 (1982), in which the claimant was the president of the company and the statute at issue required the claimant to notify the employer of the injury, the court held that:

> The fact that Claimant was the principal officer of a small corporation in no way limits the Claimant's right under the Act. Absent a showing of fraud or improper corporate manipulations designed to circumvent the public policy encompassing the Workmen's Compensation Act, courts will not sanction a disregard of the corporate entity merely because the corporate stock is closely held or family owned.

*Travelers Insurance Co. v. Workmen's Compensation Appeal Board,* 68 Pa. Commw. at 27–28, 447 A.2d at 1118.

We adopt the rule that a showing of fraud or improper corporate manipulation is necessary before the protection afforded a claimant by § 8–52–105(2) may be overcome. *Cf. Renco Inc. v. Nunn,* 474 P.2d 936 (Okla.1970) (since there was evidence of claimant's concealment of injury from insurer, corporate president's claim barred because of failure to provide notice to Division and insurer).

Furthermore, we agree with the Panel that, since the record does not show any deliberate conspiracy between claimant and his son to delay reporting the injury, it would not serve any equitable purpose to impute to claimant the employer's failure timely to notify the Division of the injury. To do otherwise would disregard the corporate entity, which we will not lightly undertake. It was *employer's* statutory responsibility to report the injury, and here the employer, as in many cases, was a corporation.

We have adopted a legal standard more stringent than that used by the Panel, and hence, we need not consider at great length petitioners' equitable arguments. Suffice it to say that we agree with and adopt the Panel's conclusion that entitlement to equitable relief was not shown because substantial evidence did not support a finding that claimant intended that his conduct be relied upon, *see Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo.1988), or that the CCIA's ability to defend the claim was prejudiced. *See Colorado Ground Water Commission v. Dreiling,* 198 Colo. 560, 606 P.2d 836 (1980) (party asserting estoppel must show change of position in reasonable reliance on the opposing party's action). Since the evidence did not support even these findings, it does not satisfy the heightened burden of proof we have imposed on petitioners.

The order of the Panel allowing the claim is affirmed.

NEY and BRIGGS, JJ., concur.